UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BERIHU H. FKADU,

　　　　　　　　　　　　Petitioner,

v.

STIRLING PRICE, Warden,

　　　　　　　　　　　　Respondent.

Case No.:  17cv2560-LAB (RBB)

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

　　　On August 1, 2017, Petitioner, a person confined at Atascadero State Hospital as a result of a 1995 San Diego County Superior Court finding of not guilty by reason of insanity, proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Ninth Circuit Court of Appeals.  (ECF No. 1.)  On December 22, 2017, the Ninth Circuit declined to consider the claims in the Petition which challenge the conditions of Petitioner's confinement as not cognizable on federal habeas, denied authorization to file a second or successive petition challenging Petitioner's original 1995 commitment or any of his pre-2013 recommitment judgments, and transferred the Petition to this Court for filing to the extent Petitioner challenges his most recent judgment of commitment for which he has never sought habeas relief and for which he is

not required to obtain authorization to file a second or successive petition. (ECF No. 1-2 at 2-3.)

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his current confinement violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, in addition to allegations regarding the ongoing conditions of his confinement at Atascadero State Hospital which the Ninth Circuit Court of Appeals has indicated are not cognizable on federal habeas and are not at issue in this case, Petitioner appears to contend that his most recent recommitment to Atascadero State Hospital is improper. However, Petitioner does not allege in what manner his most recent

recommitment violated his federal rights. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement and has not stated a cognizable federal claim.

## CONCLUSION AND ORDER

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy filing fee requirement and has failed to state a cognizable federal claim. To have this case reopened, Petitioner must submit, **no later than February 28, 2018,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee **and** file a First Amended Petition which alleges that he is in custody in violation of the Constitution or laws or treaties of the United States as a result of his most recent recommitment. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: January 4, 2018

_Larry A. Burns_

Hon. Larry Alan Burns
United States District Judge