UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERIHU H. FKADU,<br><br>                      Petitioner,<br><br>v.<br><br>STIRLING PRICE, Warden,<br><br>                      Respondent. | Case No.: 17cv2560-LAB (RBB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT FURTHER LEAVE TO AMEND** |

On August 1, 2017, Petitioner Berihu H. Fkadu, a person confined at Atascadero State Hospital as a result of a 1995 San Diego County Superior Court finding of not guilty by reason of insanity, proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Ninth Circuit Court of Appeals. (ECF No. 1.) On December 22, 2017, the Ninth Circuit declined to consider the claims in the Petition which challenge the conditions of Petitioner's confinement as not cognizable on federal habeas, denied authorization to file a second or successive petition challenging Petitioner's original 1995 commitment or any of his pre-2013 recommitment judgments, and transferred the Petition to this Court for filing to the extent Petitioner challenges his most recent judgment of commitment for which he has never sought habeas relief and for which he is not required to obtain authorization to file a second or successive petition. (ECF No. 1-2 at 2-3.)

On January 4, 2018, this Court dismissed the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement and failure to state a claim cognizable on federal habeas. (ECF No. 2) The Court notified Petitioner that the allegations in his Petition regarding ongoing conditions of his confinement at Atascadero State Hospital, which were found by the Ninth Circuit Court of Appeals to be not cognizable on federal habeas, are not at issue in this case. (Id. at 2-3.) The Court also notified Petitioner that it was unclear in his Petition whether he seeks to challenge his most recent recommitment to Atascadero State Hospital, as he had failed allege in what manner his most recent recommitment violated his federal rights. (Id.) The Court dismissed the Petition because Petitioner did not claim he is "in custody in violation of the Constitution or laws or treaties of the United States." (Id., quoting 28 U.S.C. § 2254(a).)

Petitioner was instructed that in order to have this case reopened, he must submit the $5.00 fee or adequate proof of his inability to pay the fee and file a First Amended Petition which alleges that he is in custody in violation of the Constitution or laws or treaties of the United States as a result of his most recent recommitment on or before February 28, 2018. Petitioner has now filed a Motion to Proceed in forma pauperis and a First Amended Petition. (ECF Nos. 3-4.)

Petitioner has $0.02 on account at the institution in which he is presently confined and cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

However, the First Amended Petition once again fails to allege Petitioner is in custody in violation of the Constitution or laws or treaties of the United States as a result of his most recent recommitment proceedings. Rather, as he did in his original Petition, and as this Court and the Ninth Circuit Court of Appeals informed him was not permissible on federal habeas, Petitioner once again alleges that the conditions of his confinement at Atascadero are abusive. (ECF No. 3 at 6-9.)

The First Amended Petition suffers from the same defect as the original Petition, a failure to claim that, as a result of his most recent recommitment proceedings, Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Accordingly, for the same reasons set forth in this Court's previous Order of dismissal, as well as the Order of the Ninth Circuit transferring the Petition to this Court, Petitioner's challenge to the conditions of his confinement are not cognizable on federal habeas. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973) (challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.)

Because Petitioner has twice been informed of the requirement that if he wishes to proceed with a habeas petition in this Court he must allege that his most recent recommitment proceedings violated his rights under the Constitution or laws or treaties of the United States but has failed to do so in his amended petition, and has twice been informed that he may not proceed with a challenge to the conditions of his confinement but continues to do so in his amended petition, it is now clear he does not intend to challenge his most recent recommitment proceedings in this action, but intends to continue to challenge the conditions of his confinement. As such, the First Amended Petition is dismissed without further leave to amend. The dismissal is without prejudice to Petitioner to file a new federal habeas action which will be given a new civil case number if he wishes to challenge his most recent recommitment proceedings, and without prejudice to Petitioner to file a civil rights complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number if he wishes to continue his challenge to the conditions of his confinement. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

Dated: February 2, 2018

_____
Hon. Larry Alan Burns
United States District Judge